Case 4:25-cv-06088   Document 8   Filed 01/09/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS HIDALGO FERNANDEZ, § <br> A# 240-641-716, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN GRANT DICKEY, *et al.* § <br> § <br> Respondents. § | CIVIL ACTION NO. 4:25-6088 |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Carlos Hidalgo Fernandez is detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), at the Joe Corley Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking immediate release. The petition and supporting documents state that he is a national and citizen of Cuba; that he entered the United States in 2022; that he has resided continuously in the United States for over three years; that he lives with his spouse and his daughter who is a United States citizen; that he was arrested at an ICE office in October 2025 while complying with reporting requirements; that he was then placed in removal proceedings; and that, on December 2, 2025, an immigration judge denied his request for a bond hearing based on lack of jurisdiction. He claims that he is eligible for a bond hearing under 8 U.S.C. § 1226(a) but that the respondents have denied him the hearing and are unlawfully

1 / 3

subjecting him to mandatory detention under 8 U.S.C. § 1225.  He seeks immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226 within seven days, among other relief.

On December 22, 2025, the Court entered an order for an expedited answer (Dkt. 4).  The Court also entered an order to show cause (Dkt. 5) why the petitioner should not be immediately released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within three days.  On December 23, 2025, the federal respondents filed a motion to dismiss the petition or, in the alternative, for summary judgment (Dkt. 6).

The respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  They also assert that the petitioner has not exhausted administrative remedies because he has not appealed the immigration judge's denial of his request for bond based on lack of jurisdiction.  The petitioner's response (Dkt. 7) rebuts the respondents' arguments regarding 8 U.S.C. § 1225(b).  He also argues that exhaustion is not required because his claim presents a purely legal issue and because exhaustion would be futile, presenting detailed facts supporting futility.

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who had been present in the United States for approximately three years when detained, is not subject to mandatory detention under 8 U.S.C. § 1225(b).  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov.

14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *See id*. at * 3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order. In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____January 9_____, 2026.

                                                    GEORGE C. HANKS, JR.
                                      UNITED STATES DISTRICT JUDGE